**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| WINIFRED ABDULLAH, et. al., | : | |
| Plaintiffs | : | |
| v. | : | 1:05-CV-75 (WLS) |
| EQUITY GROUP-GEORGIA DIVISION, LLC., | : | |
| Defendant | : | |

**ORDER**

Before the Court are Defendant's Motion to Dismiss (Doc. 8) and Plaintiffs' Motion for Leave to File Supplemental Response in Opposition to Defendant's Motion to Dismiss (Doc. 17) For the following reasons, Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**; and Plaintiffs' Motion for Leave to File Supplemental Response in Opposition to Defendant's Motion to Dismiss (Doc. 17) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**DISCUSSION**

**I.  Plaintiffs' Motion for Leave to File Supplemental Response in Opposition to Defendant's Motion to Dismiss**

The Local Rules for the Middle District of Georgia clearly state that briefing of any motion or issue concludes when the movant files a reply brief. M.D. Ga. R. 7.3.1. Sur-reply briefs are not favored, and are generally permitted at the Court's discretion, only when the movant raises for the first time in its reply brief an issue to which the non-movant has not previously been afforded an opportunity to respond.  Here, Plaintiffs seek leave to file a sur-reply brief to Defendant's assertion that Defendant's motion to dismiss is based on attorney-client principles, and not 29 U.S.C. § 216 or Fed. R. Civ. P. 20. (*See* Docs. 16, 17).  While this issue which was originally raised by Plaintiffs in their response brief to the instant motion, it is found that they have not been afforded the opportunity to reply to Defendant's arguments

1

contesting the same.   To the extent the instant motion seeks leave to file a sur-reply for the above-mentioned purposes, it is granted.

In their sur-reply brief, Plaintiffs also seek to raise arguments in opposition to Defendant's motion based on the Magistrate Court of the Northern District of Alabama's findings in Beam v. Cagle, No. CV-05-RRA-1133 (N.D. Ala.).  (Doc. 17, Exh. 2).   Upon review, the Court finds that such arguments were not raised by Defendant in its reply brief.   To the extent Plaintiffs' motion seeks leave to file a sur-reply to assert these arguments, it is denied.

Accordingly, Plaintiff's Motion for Leave to File Supplemental Response in Opposition to Defendant's Motion to Dismiss (Doc. 17) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## II.    Defendant's Motion to Dismiss

Defendant moves to dismiss the Complaint in this matter pursuant to Fed. R. Civ. P. 12(b)(6) alleging that Plaintiffs have failed to properly state a claim upon which relief can be granted. (Doc. 8).   Specifically, Defendant asserts that Plaintiffs have not properly complied with the opt-in provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), in that Plaintiffs have filed this lawsuit based on consents filed specifically to join Anderson v. Cagles, Inc., 1:00-CV-166 (WLS) (M.D. Ga. 2000).  *Id*.   Defendant further asserts that "there is no basis to conclude that [P]laintiffs otherwise authorized the filing of this action (or even know of its initiation and filing)," and that the same should be dismissed accordingly.  *Id*.

Plaintiffs disagree with Defendant's assertion, arguing that precedent and persuasive authority warrant that individuals named in a collective action complaint are not required to file consent forms to be party plaintiffs in a new action.  (Doc. 14).   Alternately, Plaintiffs argue that "the broad purpose of the FLSA, as well as guidance provided in Eleventh Circuit cases," warrant Plaintiffs' reliance on the consents filed in Anderson to maintain this action.   Plaintiffs further maintain that  this action is based on Rule 20 joinder.

## II.    Fair Labor Standards Act

2

29 U.S.C. § 216(b) provides the exclusive means of bringing a collective action against an employer under the FLSA. LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975); *see also* Tombrello v. USX Corp, 763 F.Supp. 541, 544 (N.D. Ala. 1991); Lerwill v. Inflight Motion Pictures, Inc., 343 F.Supp. 1027, 1029 (N.D. Calif. 1972).[1]   Section 216(b) states in relevant part that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).  "That plain language indicates that [P]laintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole. Prickett v. DeKalb County, 349 F.3d 1294, 1297 (11th Cir. 2003).   "If, after conditional certification of a § 216(b) class, it is determined that the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed [from the action] without prejudice." *See* Mooney v. Aramco Services Co., 54 F.3d 1207, 1214 (5th Cir. 1995) (internal quotations omitted); *see e.g.*, Bayles v. Am. Med. Response, 962 F.Supp. 1346 (D. Colo 1997).   When, as here, a class certification is denied, the Eleventh Circuit instructs that:

> the statute of limitations begins to run again as to those putative class members who were excluded from the class. In order to protect their rights, such individuals must seek to intervene in the pending action...or file a separate individual action...before the time remaining in the limitations period expires.  If the dismissed class member takes no such action within the remainder of the limitations period, then he may neither file a suit in his own name nor intervene in the already-pending action. In such a situation, the dismissed class member's only avenue of relief is to wait until the pending action reaches final judgment, and then...file a timely motion to intervene for the limited purpose of appealing the district court's class certification decision.
>
> Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1391 (11th Cir. 1995) (en banc) (interpreting identical opt-in provisions to Section 216(b)), superseded on other grounds

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit handed down by that court prior to the close of business on September 31, 1981.

3

by Fed. R. Civ. P. 23(f)).[2]

## III.   Analysis

Plaintiffs' counsel filed Anderson under the Section 216(b), in this Court in September 2000.  (Docs. 8, 9; *see also* Anderson, 1:00-CV-166 (WLS)).   Following procedures described in Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208 (11th Cir. 2001), the Court conditionally certified a collective action under FLSA and discovery commenced.  *Id*.  Per the requirements of Section 216(b), notices and blank consents in English and Spanish were sent to members of the potential Plaintiff class which invited them to join in Anderson.  *Id*.   The Notice, most particularly in Sections IV, V, and VII, informed potential opt-in Plaintiffs of their rights in connection with Anderson.[3]  (Doc. 9, Exh. 1).

---

[2]   Notably, Rule 23(f) pertains to interlocutory appeals of decisions granting or denying class certifications when made within ten (10) days of the entry of the order.  Rule 23(f) does not address other options, such as those purportedly exercised by Plaintiffs, which are available to putative class members seeking to preserve their rights upon exclusion from the class.

[3]   Sections IV and V of the Notice, which inform potential opt-in Plaintiffs of their "rights to join this suit as a party plaintiff," "how and when to join this suit," and their "legal representation if [they] join this suit," state in relevant part:

**IV.   YOUR RIGHT TO JOIN THIS SUIT AS A PARTY PLAINTIFF**
If you believe that either Cagle's, Inc., and/or Cagle Foods JV has failed to properly compensate you for your time spent changing into and out of protective clothing/equipment before and after your shift, and/or for your lunch break, you have the right to make this claim against Cagle's, Inc., or Cagle Foods JV as a plaintiff in this lawsuit. To do that you must sign, date, and mail the attached Consent to Become Party Plaintiff form to the Law Offices of Gordon, Silberman, Wiggins & Childs, P.C., for filing with the Clerk of the Court. (See Section V., below). It is entirely your own decision whether to join this lawsuit. You are not required to take any action unless you so desire. You are not required to pay any money to participate in this lawsuit.

**V.   HOW AND WHEN TO JOIN THIS SUIT**
If you wish to participate in this lawsuit, you must mail the attached Consent to Become Party Plaintiff form to the Plaintiffs' lawyers in this case:
  **GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.**
  7 Dupont Circle, NW
  Suite 200
  Washington, DC 20036
The Consent Form must be received by GORDON, SILBERMAN, WIGGINS & CHILDS by Thursday, October 17, 2002, so that Plaintiffs' lawyers may file it with the Clerk of the United States District Court in Albany, Georgia on or before Wednesday, October 23, 2002, or you will not be allowed to join the lawsuit.  (cont'd on next page)
**VII.   LEGAL REPRESENTATION IF YOU JOIN THE SUIT**
If you choose to join this suit, you will be represented by Plaintiffs' attorneys, GORDON,

All 1016 of the Plaintiffs in the instant matter submitted consent forms manifesting their intention to join <u>Anderson</u>.  After the close of discovery in <u>Anderson</u>, Defendant moved to decertify the collective action.  *Id*.  On March 31, 2005, this Court entered an Order granting Defendant's Motion, decertifying the action, and dismissing the plaintiffs who had filed consents to join <u>Anderson</u>.  *Id*.

Plaintiffs did not seek to review the decertification decision.  Defendant settled with the plaintiffs in whose names <u>Anderson</u> had been brought and said case was closed as to Defendant Cagle's, Inc.  *Id*.  The same counsel who represented the Plaintiffs in Anderson have now filed the instant lawsuit.  *See id*., *compare* Docket.

Plaintiffs' counsel admits that he has not obtained the specific consent or permission of the <u>Anderson</u> opt-in Plaintiffs to file this action, but that he is relying solely on the <u>Anderson</u> consents for authorization in this case. (Doc. 8).    Upon review of the notices and blank consent forms sent by counsel to Plaintiffs among others, the Court finds that the terms contained therein clearly and specifically invited said persons to join as party plaintiffs in <u>Anderson</u>, and not in this or any other new or additional suit which might be brought or filed.  It is further found that neither the notices nor the blank consent forms suggested or otherwise inferred that counsel's representation of said persons, should they choose to join <u>Anderson</u>, existed beyond the limited confines of that lawsuit.  Accordingly, it is found that upon the filing of these consent forms, each Plaintiff manifested his/her intent to join <u>Anderson</u>, and no other case, according to the terms of representation contained therein.   It is therefore found that the consent forms at issue are limited to counsel's representation of Plaintiffs in <u>Anderson</u> and are not freely transferrable to this or any other case.   It is **ORDERED** that Plaintiffs may not utilize consents filed in

---

SILBERMAN, WIGGINS & CHILDS, P.C., Grant Morris, and GARDNER, WILLIS, SWEAT & GOLDSMITH.

(Doc. 9, Exh. 1).

Anderson to satisfy the Section 216 requirement to "opt-in" as plaintiffs in this, or any other lawsuit.

Notwithstanding the above findings, the Court further finds that to permit Plaintiffs to join in one action here would be improper in light of prior proceedings in Anderson. Furthermore, the Court finds unpersuasive Plaintiffs' attempts to recharacterize this action as a Rule 20 joinder or alternately a collective or representative action.   As stated earlier, courts have consistently found that Section 216(b) provides the exclusive means of bringing a collective action against an employer under the FLSA.  *See supra* LaChapelle, 513 F.2d at 288.   Plaintiffs have not complied with Section 216(b) in filing this lawsuit.   Accordingly, Plaintiffs fail to properly state a claim upon which relief can be granted.   Based on the foregoing, the instant action should be dismissed.  Accordingly, Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**; and Plaintiffs' Motion for Leave to File Supplemental Response in Opposition to Defendant's Motion to Dismiss (Doc. 17) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**SO ORDERED**, this   12th   day of October, 2006.

 /s/W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT JUDGE**